UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

SHARYN MCPHERSON and RICHARD MCPHERESON, individually and as a marital community

Plaintiffs,

v.

GENERAL ELECTRIC COMPANY, a corporation, et al.,

Defendants.

No. C05-5775RBL

ORDER GRANTING PLAINTIFFS' MOTION TO REMAND

**A.  Background**.

This matter is before the court on the Plaintiffs' Motion to Remand. Plaintiff argues that the Defendants' removal of the matter was defective, because at the time of removal complete diversity did not exist between the parties. Defendants argue that the non-diverse defendant, Sandoval, was fraudulently joined solely to defeat diversity. They also argue that there was pending at the time of the Complaint and the Removal a separate state court action involving the plaintiffs and Defendant Sandoval, and that that case has since been dismissed with prejudice. As a result, Defendants argue that the claims asserted against Sandoval here are barred by *res judicata* and, accordingly, that Sandoval's presence cannot defeat diversity.

Plaintiffs respond that they appealed the order dismissing Sandoval from the earlier state court

ORDER        1

action with prejudice, depriving that order of *res judicata* effect. They also dispute that Sandoval was joined as a sham to defeat diversity jurisdiction.

**B.  Standard.**

Under *Conrad Associates v. Hartford Accident & Indemnity Co.*, 994 F. Supp. 1196 (N.D. Cal. 1998) and numerous other authorities, the party asserting federal jurisdiction has the burden of proof on a motion to remand to state court.  The removal statute is strictly construed against removal jurisdiction. The strong presumption against removal jurisdiction means that the defendant always has the burden of establishing removal is proper.  *Conrad*, 994 F. Supp. at 1198.  It is obligated to do so by a preponderance of the evidence.  *Id.* at 1199; *see also Gaus v. Miles*, 980 F.2d 564, 567 (9th Cir. 1992).  Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.  *Id.* at 566.

Diversity must exist both at the time the case is filed by the plaintiff, and at the time of removal. *See*, for example, *Strotek Corp. v. Air Transport Association of America*, 300 F.3d 1129, 1131 (9th cir. 2002).

**C.    Analysis.**

In this case it is undisputed that the presence of Sandoval (like the Plaintiffs, a Washington resident) as a defendant defeats this court's diversity jurisdiction.  Non-diverse parties were present in the case at the time the Complaint was filed and at the time Defendants removed the action here.

Defendants seek to overcome this obstacle by arguing first that Sandoval has been named fraudulently for the sole purpose of defeating jurisdiction.  This claim does not ring true, as it is apparent from Plaintiffs' consistent, if halting, efforts to sue some General Electric entity and Sandoval in state court previously.  While the earlier state court action was pending at the time this case was filed, the Plaintiffs sought to name the correct corporate defendant as well as Sandoval, and to try their claims against those parties in one action.  Indeed, the earlier state court action was dismissed with prejudice over the Plaintiffs'

objection, as they sought instead to pursue their claims against Sandoval in this case. Under these circumstances, it cannot be said that Sandoval was named in this action as a sham or a fraudulent attempt to defeat diversity jurisdiction.

Additionally, and for some of the same reasons, the state court's dismissal of Sandoval with prejudice from the earlier state court action does not create diversity jurisdiction where none existed at the time of the filing or removal. This is true whether or not the judgment in that case is entitled to *res judicata* effect; the judgment post-dates the removal and therefore does not influence the propriety of the removal.

For these reasons, the Plaintiffs' Motion to Remand [Dkt. #9] is GRANTED and this matter is REMANDED to the Washington State Superior Court for Thurston County. The Clerk is directed to send uncertified copies of this Order to all counsel of record. The Clerk is further directed to send certified copies of this order to the Clerk of the Court for Thurston County Superior Court.

DATED this 5th day of May, 2006.

/s/ Ronald B. Leighton

RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE